UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ALFRED DUBOIS JONES, | ) |
|---|---|
| | ) |
| Petitioner, | ) |
| | ) |
| | ) No. 4:13CV1606NCC |
| | ) |
| IAN WALLACE, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 15). After reviewing the case, the court has determined that Petitioner is not entitled to relief. As a result, the petition will be dismissed.

## I.
## BACKGROUND

Petitioner was charged with one count of forcible rape, two counts of forcible sodomy, one count of kidnapping, and two counts of attempted forcible sodomy. Jones v. Missouri, 389 S.W.3d 253, 255 (Mo. Ct. App. 2012). As stated by the Missouri appellate court, the evidence at Petitioner's trial was as follows:[1]

---

[1] In proceedings pursuant to 28 U.S.C. § 2254, a "state court's factual findings carry a presumption of correctness that will be rebutted only by clear and convincing evidence." Hall v. Luebbers, 341 F.3d 706, 712 (8th Cir. 2003) (citing 28 U.S.C. § 2254(e)(1); Lomholt v. Iowa, 327 F.3d 748, 752 (8th Cir. 2003)). See also Simmons v. Luebbers, 299 F.3d 929, 942 (8th Cir. 2002). Explicit and implicit findings by state trial and appellate courts are presumed to be correct. Rushen v. Spain, 464 U.S. 114, 120 (1983); Marshall v. Lonberger, 459 U.S. 422, 432 (1983); Sumner v. Mata, 449 U.S. 539, 545-47, 550 (1981). Additionally, the Eighth Circuit holds that a habeas petitioner must provide "clear and convincing" evidence "to overcome the presumption of correctness that the law assigns to" findings of the state courts. Ashker v. Class,

> At approximately 5:30 a.m. on July 15, 2009, Jones sexually assaulted two homeless women on a street in downtown St. Louis. Jones approached the first woman, T.V., with his genitals in his hand and demanded that she perform oral sex. Jones grabbed T.V.'s head and forced her toward his penis but T.V. was able to pull herself up. Jones then pushed her against a fence, pulled her pants down, and rubbed his penis against her backside. T.V. lied and said her boyfriend was coming, which caused Jones to walk away. T.V. then walked to Centenary Church, which offered meals for the homeless in its dining hall, and told an employee that she had been attacked.
>
> A short time later, Jones approached L.R. with his genitals exposed and demanded that she perform oral sex. Jones took L.R. to a gangway where he forced her to perform oral sex and raped her vaginally and anally. After the sexual assault, Jones took L.R. to Centenary Church for coffee. When Jones and L.R. walked in, an employee saw that L.R. was bloody and shaking and asked L.R. what happened to her. L.R. told the employee that she had been raped by Jones. The police apprehended Jones shortly thereafter.
> . . . . [T]he State presented testimony and physical evidence of the assaults, including DNA evidence of L.R.'s blood on Jones's underwear, Jones's semen on L.R.'s cheek and underwear, and photographs showing cuts on L.R.'s vagina as well as redness and swelling to her anus and thighs.

Jones, 389 S.W.3d at 255-56.

The jury found Petitioner guilty on all counts, and the court sentenced him to terms of twenty years in prison for each count of rape and forcible sodomy, and five years in prison for each count of kidnapping and forcible sodomy, with the sentences to be served consecutively. Id. at 256. Petitioner filed a direct appeal, in which he argued the trial court erred by allowing the State to extensively question the venire panel regarding the quantum of evidence they would require to find Petitioner guilty, and by overruling the defense's objection to a detective's

---

152 F.3d 863, 867 (8th Cir. 1998) (citing 28 U.S.C. § 2254(e)(1); 28 U.S.C. § 2254(d)(2); Smith v. Jones, 923 F.2d 588, 590 (8th Cir. 1991)). See also Laws v. Armontrout, 863 F.2d 1377, 1381 (8th Cir. 1988). The presumption applies to basic, primary or historical facts and the inferences that can properly be drawn regarding them. See Case v. Mondragon, 887 F.2d 1388, 1393 (10th Cir. 1989) (citing Marshall v. Lonberger, 459 U.S. at 431-32; Cuyler v. Sullivan, 446 U.S. 335, 341-42 (1980)). "Questions of witness credibility are usually considered to be issues of fact." Id. (citing Brown v. Allen, 344 U.S. 443, 506 (1953)). Mixed questions of law and fact, however, are not entitled to a presumption of correctness pursuant to § 2254(d). Cornell v. Nix, 976 F.2d 376, 382 (8th Cir. 1992).

testimony about what one of the victims told her.  Missouri v. Jones, 341 S.W.3d 190 (Mo. App. Ct. 2011) (per curiam).  The Missouri appellate court affirmed the judgment and sentence of the trial court.  (Resp. Ex. A at 10-11).

Petitioner filed a pro se post-conviction motion pursuant to Rule 29.15.  Counsel was appointed and filed an amended motion.  The motion court denied Petitioner post-conviction relief, and Petitioner appealed that decision to the Missouri appellate court.  (Resp. Ex. G).  In the appeal of the denial of his amended Rule 29.15 motion, Petitioner claimed he received ineffective assistance of counsel because counsel failed to object to the State's reference, during closing argument, to Petitioner as a "predator" and to the victims as his "perfect prey."  He also claimed that counsel was ineffective for failing to object to the prosecutor's stating during closing argument that Petitioner's defense was "a load of crap" and "smoke and mirrors."  (Resp. Ex. G at 11-13).  The Missouri appellate court affirmed the decision of the motion court.  Jones, 389 S.W.3d 253.

On August 15, 2013, Petitioner filed the instant § 2254 Petition in which he raises the following Grounds for habeas relief:

**(1)**  Counsel was ineffective for failing to use DNA experts to rebut the State's evidence;

**(2)**  Counsel was ineffective for failing to discover the results of DNA testing;

**(3)**  Counsel was ineffective for failing to discover results of L.R.'s toxicology test;

**(4)**  Counsel was ineffective for failing to provide Petitioner with a copy of the DNA electronic data evaluation;

**(5)**  Counsel was ineffective for failing to provide Petitioner with understandable copies of the forensic sexual assault examination;

**(6)**  Counsel was ineffective for failing to provide Petitioner with understandable copies of the emergency department clinical documentation form;

3

**(7)** Counsel was ineffective for failing to discover photos of L.R.'s injuries;

**(8)** Counsel was ineffective for failing to ask the arresting officer and the evidence technician if Petitioner was drunk or on drugs;

**(9)** Counsel was ineffective for failing to sever cases;

**(10)** Counsel was ineffective for failing to object to the prosecutor's stating, during closing argument, that there was very strong evidence that one of the victims was assaulted;

**(11)** Counsel was ineffective for failing to object to the prosecutor's improper opening and closing statements, when the prosecutor referred to Petitioner as a "predator";

**(12)** Counsel was ineffective for failing to object to prosecutor's use of the term "ridiculous" to describe the defense theory;

**(13)** Counsel was ineffective for failing to investigate T.V.'s account of the incident;

**(14)** Counsel was ineffective for failing to investigate L.R.'s account of the incident;

**(15)** Counsel was ineffective for failing to investigate DuShon Brent's account of the incident;

**(16)** Counsel was ineffective for failing to impeach T.V.'s testimony by using her prior inconsistent statements;

**(17)** Counsel was ineffective for failing to impeach L.R.'s testimony regarding her conversing with T.V.;

**(18)** Counsel was ineffective for failing to impeach L.R.'s testimony regarding smoking cigarettes;

**(19)** Counsel was ineffective for failing to impeach L.R.'s testimony regarding her injuries;

**(20)** Counsel was ineffective for failing to impeach DuShon Brent's testimony by using his prior inconsistent statements;

**(21)** Counsel was ineffective for failing to inform Petitioner of the trial date before filing a speedy trial motion;

**(22)** There was prosecutorial misconduct based on the prosecutor's misconstruing the fact that Petitioner had blood on his underwear;

**(23)** There was prosecutorial misconduct based on the prosecutor's misconstruing evidence of semen on L.R.'s clothing and cheek;

**(24)** The trial court erred when it allowed the charges against Petitioner to be tried together;

**(25)** The trial court erred when it failed to find ineffective assistance of counsel when the issue was raised at trial;

**(26)** The trial court erred when it refused to respect Petitioner's answers concerning ineffective assistance of counsel; and

**(27)** The trial court erred when it attempted to compel Petitioner to testify.

(Doc. 1).

## II.
## PROCEDURAL DEFAULT and TIMLINESS STANDARD

To avoid defaulting on a claim, a petitioner seeking habeas review must have fairly presented the substance of the claim to the state courts, thereby affording the state courts a fair opportunity to apply controlling legal principles to the facts bearing on the claim. Wemark v. Iowa, 322 F.3d 1018, 1020-21 (8th Cir. 2003) (quotation marks omitted). A claim has been fairly presented when a petitioner has properly raised the same factual grounds and legal theories in the state courts that he is attempting to raise in his federal petition. Id. at 1021. Claims that have not been fairly presented to the state courts are procedurally defaulted. Id. at 1022 (quoting Gray v. Netherland, 518 U.S. 152, 161-62 (1996)). Claims that have been procedurally defaulted may not give rise to federal habeas relief unless the petitioner can demonstrate cause and prejudice for the default. Id.

The United States Supreme Court holds that a state prisoner can overcome procedural default if he or she can demonstrate cause and prejudice for the procedural default. Dretke v. Haley, 541 U.S. 386, 388-89 (2004). See also Coleman, 501 U.S. at 750 (holding that a state

habeas petitioner can overcome procedural default by demonstrating cause for the default and actual prejudice or demonstrate that default will result in a fundamental miscarriage-of-justice); Battle v. Delo, 19 F.3d 1547, 1552 (8th Cir. 1994). The United States Supreme Court also holds that, because the "cause and prejudice standard is not a perfect safeguard against fundamental miscarriages of justice," the Court "recognize[s] a narrow exception to the cause requirement where a constitutional violation has 'probably resulted' in the conviction of one who is 'actually innocent' of the substantive offense." Dretke, 541 U.S. at 393 (citing Murray v. Carrier, 477 U.S. 478, 496 (1986); Schlup v. Delo, 513 U.S. 298 (1995)). "[A] habeas petitioner who wishes to have a procedurally defaulted claim evaluated on its merits 'must show by clear and convincing evidence that but for a constitutional error, no reasonable juror would have found the petitioner [guilty] under the applicable state law.'" McCoy v. Lockhart, 969 F.2d 649, 651 (8th Cir. 1992) (citation omitted). Actual innocence is required to meet the miscarriage-of-justice exception. See Sweet, 125 F.3d at 1152 (citing Schlup, 513 U.S. at 316).

A "'bare, conclusory assertion' that a petitioner is actually innocent is insufficient to excuse a procedural default." Sweet, 125 F.3d at 1152 n.9 (citing Weeks v. Bowersox, 119 F.3d 1342, 1352-55 (8th Cir. 1997)). To meet the requisite standard for a probability of innocence a habeas petitioner must show that "it is more likely than not that no reasonable juror would have convicted him in light of *new* evidence." Schlup, 513 U.S. at 327 (emphasis added). Evidence is "new" if it was "not available at trial and could not have been discoverable earlier through the exercise of due diligence." Amrine v. Bowersox, 238 F.3d 1023, 1029 (8th Cir. 2001).

Additionally, § 2244(d)(1) establishes a 1-year limitation period on petitions filed pursuant to § 2254. Petitioner's § 2254 Petition was timely filed.

As set forth above, Petitioner raises numerous grounds for habeas relief in his § 2254 Petition. He did not raise any of these grounds in his direct appeal to the Missouri appellate court. In his Rule 29.15 motion, filed with the motion court, Petitioner arguably raised many of the claims which he makes before this court. Petitioner, however, raised only one issue, which he raises before this court, in the appeal of the motion court's denial of post-conviction relief. This single issue involved that aspect of Ground 11 in which Petitioner claims ineffective assistance based on counsel's failing to object to the prosecutor's reference to Petitioner as a predator, during *closing* argument. (Doc. 11 at 9). Notably, Petitioner did not claim before the Missouri appellate court that counsel was ineffective for failing to object to the prosecutor's reference to Petitioner as a predator in the *opening* statement. As such, the court finds that Petitioner has procedurally defaulted all grounds for relief raised in his § 2254 Petition, with the exception of Petitioner's claim, in Ground 11, that counsel was ineffective for failing to object to the prosecutor's closing argument. Petitioner has not offered or suggested any basis upon which his procedural default should be excused. As such, the court finds that Petitioner's § 2254 Petition should be dismissed as to all Grounds but that aspect of Ground 11 specified above.

### III.
### MERITS STANDARD

"In the habeas setting, a federal court is bound by the AEDPA[2] to exercise only limited and deferential review of underlying state court decisions." <u>Lomholt v. Iowa</u>, 327 F.3d 748, 751 (8th Cir. 2003). Under this standard, a federal court may not grant relief to a state prisoner unless the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the

---

[2] The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254.

Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court decision is contrary to clearly established Supreme Court precedent if "the state court arrives at a conclusion opposite to that reached by [the] Court on a question of law or . . . decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). A state court decision is an unreasonable application of clearly established federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." Id. at 407-08. Finally, a state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record. 28 U.S.C. § 2254(e)(1); Ryan v. Clarke, 387 F.3d 785, 790 (8th Cir. 2004).

## IV.
## STANDARD FOR INEFFECTIVE ASSISTANCE OF COUNSEL

Federal law provides that to prove ineffective assistance of counsel, a habeas petitioner must show that: "(1) his counsel so grievously erred as to not function as the counsel guaranteed by the Sixth Amendment; and (2) his counsel's deficient performance prejudiced his defense." Auman v. United States, 67 F.3d 157, 162 (8th Cir. 1995) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). The "performance" prong of Strickland requires a showing that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. To overcome this presumption, a petitioner must prove that, "in light of all the circumstances, the

identified acts or omissions were outside the wide range of professionally competent assistance." Id.

Even if a petitioner satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. Id. at 697. To do so, a petitioner must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 669. The court is not required to "address both components of the [effective assistance of counsel] inquiry if [a petitioner] makes an insufficient showing on one [component]." Id. at 697.

## V.
## DISCUSSION

Petitioner claims, in Ground 11, that he received ineffective assistance based on counsel's failure to object to the prosecutor's use, in closing argument, of the word "predator" to describe Petitioner.

During the initial portion of the State's closing argument, the prosecutor stated:

[Prosecutor]: Ladies and gentlemen, all the evidence you've heard leads to but one conclusion. One conclusion. This man over here is a predator. And he thinks he's caught the perfect prey.

[Defense Counsel]: I'm going to object to anything that he thinks.

[The Court]: Why don't you rephrase.

[Prosecutor]: [T.V. and L.R.] were the perfect prey. But do you know what? Now it is time for him to see justice. Now is the time for a message to be sent that you cannot prey on persons. Just because they're homeless, just because they're women, it doesn't mean you can defile them. That you can rape them. That you can sodomize them. No one deserves to be treated the way those women were treated.

(Resp. Ex. H at 5).

9

First, upon considering the issue of Petitioner's Ground 11, the Missouri appellate court held that the two-pronged test of Strickland, 466 U.S. at 687, as set forth above, applied to Petitioner's claim of ineffective assistance of counsel. The Missouri appellate court proceeded to hold:

> Improper personalization occurs when the State implies that a defendant poses a personal danger to the jurors or their families. State v. Deck, 303 S.W.3d 527, 540 (Mo. banc 2010). Improper personalization also occurs when the State asks jurors to place themselves in the shoes of a victim or at the crime scene, arousing fear in the jury. Id.; West v. State, 244 S.W.3d 198, 201 (Mo. App. E.D. 2008). An argument is not personalized, however, if it does not suggest a personal danger to the jurors or their families if the defendant were to be acquitted. West, 244 S.W.3d at 201.
>
> Jones's characterization of the State's closing argument lacks merit. The closing argument did not imply that Jones posed a personal danger to the jurors or their families when referring to Jones as a "predator" and to the victims as the "perfect prey." At no time did the prosecutor ask the jurors to place themselves in the shoes of the victims or at the crime scene or suggest that, if acquitted, Jones would prey on the jurors or their families. Any objection made by trial counsel to the closing argument based upon improper personalization would have lacked merit, and it is well settled that counsel is not ineffective for failing to make meritless objections. See Zink, 278 S.W.3d at 188.
>
> Jones correctly argues that a prosecutor may not speculate as to the defendant's future dangerousness because the defendant has the right to be tried only for what he has done, not what he might do in the future. State v. Schaefer, 855 S.W.2d 504, 507 (Mo. App. E.D. 1993). The purpose of this rule is to preclude argument that may excite and inflame passion or prejudice toward the defendant. Id. However, during closing argument, the State is permitted considerable latitude in arguing the necessity of law enforcement, the duty of the jury to convict the defendant and prevent crime, and the consequences to society [for] a failure to uphold the law. Id. Arguments that the jury should send a message that society will not tolerate such conduct are permissible. State v. Simmons, 944 S.W.2d 165, 182 (Mo. banc 1997).
>
> Focusing on the precise words spoken by the prosecutor in closing argument again demonstrates the speciousness of Jones's argument. The prosecutor argued to the jurors that "[n]ow is the time for a message to be sent that you cannot prey on persons." We do not read into this statement any speculation regarding Jones's future dangerousness. Rather, a more reasonable and logical interpretation of this statement is that the prosecutor asked the jury to send a message that the community will not tolerate such conduct. As noted

above, such argument is permissible under Missouri law. Id. Similarly, an objection asserting that the State impermissibly argued Jones's future dangerousness lacks merit. Failure to make a meritless objection does not constitute ineffective assistance of counsel. Zink, 278 S.W.3d at 188.

The record clearly refutes Jones's claims that his trial counsel was ineffective for failing to object to the State's closing argument and failing to request a curative instruction or mistrial due to such argument. Accordingly, the motion court appropriately denied Jones an evidentiary hearing on his claims. Point one is denied.

Jones, 389 S.W.3d at 257-58.

Under federal law, to establish a violation of due process based on improper argument, a habeas petitioner must show that the prosecutor's remarks were so egregious that they fatally infected the proceedings and rendered Petitioner's entire trial fundamentally unfair. See Darden v. Wainwright, 477 U.S. 168, 181 (1986); Moore v. Wyrick, 760 F.2d 884, 886 (8th Cir. 1985). See also Weaver v. Bowersox, 438 F.3d 832, 840 (8th Cir. 2006) ("A prosecutor's argument violates due process if it infect[s] the trial with unfairness.") (quoting Darden, 477 U.S. at 181); Culkin v. Purkett, 45 F.3d 1229, 1235 (8th Cir. 1995)); Pollard v. Delo, 28 F.3d 887, 890 (8th Cir. 1994). A habeas petitioner can meet this burden only by showing that, absent the prosecutor's statement, there is a reasonable probability that the jury would have returned a different verdict. Crespo v. Armontrout, 818 F.2d 684, 687 (8th Cir. 1987). "'[T]he relevant question under federal law is whether the prosecutor's comments so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" Mack v. Caspari, 92 F.3d 637, 643 (8th Cir. 1996) (quoting Darden, 477 U.S. at 181). As further stated by the Supreme Court in Donnelly v. DeChristoforo, 416 U.S. 637, 646-47 (1974):

> [C]losing arguments of counsel, are seldom carefully constructed in [total] before the event; improvisation frequently results in syntax left imperfect and meaning less than crystal clear. While these general observations in no way justify prosecutorial misconduct, they do suggest that a court should not lightly infer that a prosecutor intends an ambiguous remark to have its most damaging

11

meaning or that a jury, sitting through lengthy exhortation, will draw that meaning from the plethora of less damaging interpretations.

Additionally, the Eighth Circuit has held:

This court has established a two-part test for reversible prosecutorial misconduct: (1) the prosecutor's remarks or conduct must have been improper, and (2) such remarks or conduct must have prejudicially affected the defendant's substantial rights so as to deprive the defendant of a fair trial. See United States v. McGuire, 45 F.3d 1177, 1189 (8th Cir. 1995); United States v. Hernandez, 779 F.2d 456, 458 (8th Cir. 1985). We employ the following three factors to determine the prejudicial effect of prosecutorial misconduct: "(1) the cumulative effect of such misconduct; (2) the strength of the properly admitted evidence of the defendant's guilt; and (3) the curative actions taken by the court." Hernandez, 779 F.2d at 460; see also United States v. Eldridge, 984 F.2d 943, 946-47 (8th Cir. 1993).

United States v. Conrad, 320 F.3d. 851, 855 (8th Cir. 2003). See also Weaver, 438 F.3d at 840 ("The court should only grant habeas corpus relief if the state's closing argument was so inflammatory and so outrageous that any reasonable trial judge would have sua sponte declared a mistrial.") (internal quotation and citation omitted).

Under federal law "[t]he trial court has broad discretion in controlling the direction of . . . closing arguments," and an appellate court will not reverse the trial court's determinations in this regard "absent a showing of abuse of discretion." United States v. Conrad, 320 F.2d 851, 855 (8th Cir. 2003) (citation omitted). "The facts of each case must be examined independently to determine if the prosecutor's remarks were unduly prejudicial to the defendant." United States v. Johnson, 968 F.2d 768, 770 (8th Cir. 1992).

Federal law provides that it is improper for a prosecutor to ask jurors to put themselves in the place of a victim, but, even when a prosecutor does so, a habeas petitioner is not entitled to relief unless the "remarks fatally infected the entire trial, and deprived the petitioner of fundamental fairness as guaranteed under the United States Constitution." Roberts v. Delo, 205 F.3d 349, 351 (8th Cir. 2000). See also United States v. Rodriguez, 581 F.3d 776, 802-803 (8th

Cir. 2009) (finding no error where prosecutor asked jurors to put themselves in victims place). Notably, in Pollard v. Delo, 28 F.3d 887, 890 (8th Cir. 1994), the Eighth Circuit found without merit a claim of the petitioner that appellate counsel was ineffective for failing to argue that the prosecutor's reference, during closing argument, to the petitioner as a "predator" denied him a fair trial in violation of the Due Process Clause. The court further held:

> When considered under "the narrow [standard] of due process, and not the broad exercise of supervisory power," Id., we are not persuaded that it was plain error for the trial court to allow the word "predator" to be used in reference to [the petitioner]. Nor do we think such a reference rendered the results of [the petitioner's] trial unreliable. We are therefore unpersuaded that [the petitioner's] appellate counsel was constitutionally ineffective for failing to advance this claim on appeal.

Id.

Likewise, in Darden, 477 U.S. at 180-81, the Court held that while the prosecutor's reference to the petitioner as an "animal" was "undoubtedly [] improper," it was "'not enough that the prosecutors' remarks were undesirable or even universally condemned.' The relevant question [was] whether the prosecutors' comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" (quoting Donnelly, 416 U.S. 637).

Upon considering Petitioner's claim that counsel was ineffective for failing to object to the prosecutor's calling Petitioner a predator during closing argument, the Missouri appellate court considered the two-pronged test of Strickland, as set forth above. Also, consistent with federal law, the Missouri appellate court considered whether Petitioner was prejudiced by the prosecutor's allegedly objectionable remark. See Weaver, 438 F.3d at 840; Conrad, 320 F.3d. at 855; Pollard, 28 F.3d at 890. Further, the Missouri appellate court found that, had defense counsel objected to the prosecutor's argument, such an objection would not have been successful, and that, therefore, Petitioner could not establish prejudice resulting from counsel's

failure. See Thai v. Mapes, 412 F.3d 970, 978 (8th Cir. 2005) ("Because the promise of leniency argument was factually meritless, his counsel was not ineffective for failing to make this argument, and his counsel's trial strategy cannot be challenged on the basis of a meritless claim."); Holloway v. United States, 960 F.2d 1348, 1356 (8th Cir. 1992) (holding that there can be no prejudice where counsel fails to raise a non-meritorious issue).

Thus, the court finds that the decision of the Missouri appellate court finding that counsel was not ineffective for failing to object to the prosecutor's calling Petitioner a predator, during closing argument, is not contrary to federal law and that it is a reasonable interpretation of federal law. Additionally, the Missouri appellate court reasonably applied federal law to the facts of Petitioner's case. See Williams, 529 U.S. at 413; Darden, 477 U.S. at 180-81; Strickland, 466 U.S. at 687; Weaver, 438 F.3d at 840; Pollard, 28 F.3d at 890. As such, the court finds without merit Petitioner's claim, in Ground 11, that counsel was ineffective for failing to object, during closing argument, when the prosecutor referred to Petitioner as a predator, and it will deny habeas relief on that basis.

## VI.
## CONCLUSION

For the reasons stated above, the court finds that Petitioner is not entitled to federal habeas relief. Furthermore, Petitioner has failed to make a substantial showing of the denial of a constitutional right, which requires a demonstration "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." Khaimov v. Crist, 297 F.3d 783, 785 (8th Cir. 2002) (quotation omitted). Thus, the court will not grant a certificate of appealability, and will not grant Petitioner in forma pauperis on appeal. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that the § 2254 Petition filed by Petitioner is **DENIED** and **DISMISSED**, with prejudice (Doc. 1).

**IT IS FURTHER ORDERED** that a separate judgment be entered incorporating this Memorandum and Order;

**IT IS FINALLY ORDERED** that a certificate of appealability and in forma pauperis on appeal will not be issued.

Dated this 14th day of July, 2016.

                                          /s/ Noelle C. Collins
                                        NOELLE C. COLLINS
                                        UNITED STATES MAGISTRATE JUDGE